'n the Matter of the Application of NINA GILCHRIST and Others, Petitioners, for an Order against PAUL J. KERN and Others, Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, January 21, 1941.

*David A. Savage*, for the petitioners.

*William C. Chanler, Corporation Counsel [George G. Gallantz* of counsel], for the respondents.

PECORA, J. The petitioners were originally appointed as dietitians in the department of hospitals at a time when the position of dietitian was in the non-competitive class. In May, 1938, the positions were placed in the competitive class, and the petitioners were transferred into that class. Their positions fell into grade 2, since the maximum salary of grade 1 was up to but not including $1,200 per annum. The petitioners received $1,200 per annum.

Thereafter, in November, 1939, the municipal civil service commission made a reclassification, by the terms of which the maximum salary of grade 1 was extended up to but not including $1,500 per annum, without maintenance. The minimum salary of grade 2, without maintenance, was thereafter to be $1,500 per annum. All the petitioners at the time of this reclassification were receiving less than $1,500 per annum, without maintenance,

and, therefore, as a result of the reclassification their positions fell into the new grade 1.

Petitioners do not, in their petition, question the legality of the action of the commission in reclassifying their positions. They do not contend, in their petition, that the commission acted in bad faith or unreasonably. Their only claim, in their petition, is that they are entitled, under the provisions of section 31 of the Civil Service Law, to have their names placed on a preferred list for positions in grade 2.

The provisions of section 31, upon which the petitioners rely, would seem, however, to have no application to a situation such as the one here presented, where the grade occupied by civil service employees is reduced as a result of reclassification by the municipal civil service commission. The provisions in question apply only where, for " reasons of economy, curtailment of activities or otherwise," reduction in class, rank or salary grade is made *by the head of the department*. The statute was evidently not designed to create preferred lists on the occasion of every reclassification of positions by a civil service commission which results in the lowering of the grades of civil service employees.

It is to be noted that the petitioners never took or passed a competitive examination for the grade 2 positions to which they claim they are entitled to be appointed from a preferred list without taking a promotion examination.

The motion is denied.